I.D. 6184814            File No. 4653

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KEITHUS WILEY,**                                            ) | |
| **Plaintiff,**   ) | |
| V.                           ) | |
| **CITY OF CHICAGO**, a municipal corporation,   ) | No. 2017-cv-7210 |
| And **CHICAGO POLICE OFFICER GOLDEN**,   ) | |
| (#10964); **CHICAGO POLICE OFFICER**   ) | |
| **CASTILLO** (#11988); **CHICAGO POLICE OFFICER**   ) | |
| **PALERMO** (#13482); **CHICAGO POLICE OFFICER**   ) | |
| **NAVA** (#11505); **CHICAGO POLICE OFFICER**   ) | |
| **NEMEC** (#19704); **CHICAGO POLICE OFFICER**   ) | |
| **QUEZADA** (#15557); **CHICAGO POLICE OFFICER**   ) | |
| **TORRES** (#16753); **CHICAGO POLICE OFFICER**   ) | |
| **FORBES** (#2953); **CHICAGO POLICE OFFICER**   ) | |
| **DUPLECHIN** (#3413); **CHICAGO POLICE OFFICER** ) | |
| **THOMPSON** (#945).   ) | |
| **Officers.**   ) | |

## AMENDED COMPLAINT

**NOW COMES** the Plaintiff, KEITHUS WILEY, ("PLAINTIFF"), by and through his attorney, ZANE D. SMITH ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Officers, CITY OF CHICAGO, ("CITY") and CHICAGO POLICE OFFICER GOLDEN, (#10964); CHICAGO POLICE OFFICER CASTILLO (#11988); CHICAGO POLICE OFFICER PALERMO (#13482); CHICAGO POLICE OFFICER NAVA (#11505); CHICAGO POLICE OFFICER NEMEC (#19704); CHICAGO POLICE OFFICER QUEZADA (#15557); CHICAGO POLICE OFFICER TORRES (#16753); CHICAGO POLICE OFFICER FORBES (#2953); CHICAGO POLICE OFFICER DUPLECHIN (#3413); CHICAGO POLICE OFFICER THOMPSON (#945) (hereinafter referred to as "Officers") states as follows:

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b) as the events giving rise to the claims asserted in this complaint occurred in the Northern District of Illinois.

## PARTIES

4. Plaintiff, KEITHUS WILEY, is, and at all times material was, a citizen of the State of Illinois and the United States.

5. Defendant CHICAGO POLICE OFFICER GOLDEN, (#10964) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

6. Defendant CHICAGO POLICE OFFICER CASTILLO (#11988) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

7. Defendant CHICAGO POLICE OFFICER PALERMO (#13482) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

8. Defendant CHICAGO POLICE OFFICER NAVA (#11505) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

9. Defendant CHICAGO POLICE OFFICER NEMEC (#19704) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

10. Defendant CHICAGO POLICE OFFICER QUEZADA (#15557) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

11. Defendant CHICAGO POLICE OFFICER TORRES (#16753) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

12. Defendant CHICAGO POLICE OFFICER FORBES (#2953) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

13. Defendant CHICAGO POLICE OFFICER DUPLECHIN (#3413) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

14. Defendant CHICAGO POLICE OFFICER THOMPSON (#945) was at all times relevant hereto a Chicago Police Officer employed by the Defendant, CITY OF CHICAGO, and was acting under the color of law and within the scope of his employment.

15. Defendant, CITY OF CHICAGO, is a municipal corporation and public entity incorporated under the laws of Illinois.

**FACTS COMMON TO ALL COUNTS**

16. On or about October 7, 2016, Plaintiff was in a vehicle, driving, at or near the intersection of 69th Street and Lowe Avenue in the City of Chicago, County of Cook, and State of Illinois.

17. At the aforesaid time and place, Officers, each and all which are members of the Chicago Police Department, in a Chicago police vehicle, drove up behind the vehicle Plaintiff was driving and began flashing their lights.

18. Plaintiff stopped the vehicle he was driving pursuant to the actions of the Officers.

19. Thereafter, the Officers gave chase and additional Chicago police officers joined in the pursuit of Plaintiff.

20. Plaintiff exited the vehicle and began running in fear for his life.

21. Officers gave chase and once the Officers caught up to Plaintiff, Plaintiff was aggressively slammed to the ground by the Officers and immediately hand cuffed.

22. Once Plaintiff was on the ground and in hand cuffs, unable to defend or protect himself, the Officers repeatedly punched and kicked Plaintiff about the head and body causing serious bodily injury to Plaintiff.

23. Additional responding Officers acted in dereliction of their duties in that they failed to intercede and stop the aggressive beating of the Plaintiff by their fellow Officers named in this complaint.

24. The above actions by the Officers were unnecessary, deliberately intended to punish and injure the Plaintiff, and were willful and wanton.

25. An ambulance was summoned to the scene by Officers and Plaintiff was transported to St. Bernard Hospital.

26. Plaintiff suffered a metacarpal fracture of his right hand and other injuries.

## COUNT I

27. Plaintiff re-alleges paragraphs 1-26 as though fully set forth herein.

28. As described in the preceding paragraphs, the intentional conduct of Officers toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

29. As a direct and proximate result of Officers use of excessive force, Plaintiff suffered physical and emotional damages which will be proven at trial.

30. One or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants, OFFICERS, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages as well as costs, attorney's fees and such other relief favorable to Plaintiff that this deems just and equitable.

## COUNT II

31. Plaintiff re-alleges paragraphs 1-30 as though fully set forth herein.

32. Officers expressly conspired and agreed to violate Plaintiff's constitutional rights and to cover up their misconduct, acting in furtherance of this conspiracy as more fully described above.

33. As a direct and proximate result of the Officers' conspiracy, Plaintiff suffered physical and emotional damages which will be proven at trial.

34. On information and belief, one or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendant, OFFICERS, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages as well as costs, attorney's fees and such other relief favorable to Plaintiff that this deems just and equitable.

## COUNT III
## AGAINST CITY OF CHICAGO AS TO
## *MONELL* LIABILITY

35. Plaintiff re-alleges paragraphs 1-34 as though fully set forth herein.

36. Defendant CITY's Personnel's misconduct was a widespread practice that is so permanent and well settled that is constitutes a custom or usage with the force of law.

37. Defendant CITY engaged in misconduct by tolerating its Personnel's misconduct and harassment such that the CITY is liable.

38. The Defendant CITY failed to properly train its Personnel and this failure to train amounted to a deliberate indifference to the rights of persons with whom Defendant came into contact with, specifically, Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendant, CITY, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages as well as costs, attorney's fees and such other relief favorable to Plaintiff that this deems just and equitable.

## COUNT IV

39. Plaintiff re-alleges paragraphs 1-38 as though fully set forth herein.

40. As more fully described above, Officers willfully and wantonly and without legal justification, used physical force upon Plaintiff without his consent.

41. As a direct and proximate result of this intentional misconduct, Plaintiff suffered physical and emotional harm.

42. Illinois law provides that public entities such as Defendant, CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

43. At all times relevant hereto, Defendant, OFFICERS were agents of Defendant, CITY, and acting within the scope of their employment as Chicago Police Officers. Defendant, CITY is therefore liable as principal for all torts committed by Defendant, OFFICERS.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendant, OFFICERS and Defendant, CITY, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief favorable to Plaintiff that this deems just and equitable.

        Respectfully submitted,
        KEITHUS WILEY

By:   /s/ Zane D. Smith
      Zane D. Smith, One of Plaintiff's Attorneys

ZANE D. SMITH & ASSOCIATES, LTD.
221 N. LaSalle St., Suite 1320
Chicago, Illinois 60601
Phone: (312) 245-0031
Zane@zanesmith.com

## CERTIFICATE OF SERVICE

I, Zane D. Smith, on oath state that a true and correct copy of the above document electronically filed with the Clerk of the Court on March 14, 2018, using the CM/ECF system which will send notification of such filing(s) to all attorneys of record. Under the penalties of perjury, I certify that the above statements set forth herein are true and correct.

        /s/ Zane D. Smith
        Zane D. Smith